# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0448V
(not to be published)

| | |
|---|---|
| DAMEOND SIGMOND REED,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: January 18, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Non-Compensable Costs |

*Christopher M. Ramsey*, The Bostic Law Group, P.A., Charleston, SC, for Petitioner.

*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 26, 2019, Dameond Sigmond Reed filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered adhesive capsulitis that was caused-in-fact by a Tdap vaccine he received on April 1, 2016. Petition at Preamble. On March 2, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 49.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated September 14, 2022 (ECF No. 60), requesting a total award of $13,223.73 (representing $11,700.00 in fees and $1,523.73 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that he incurred no out-of-pocket expenses. *Id.* Respondent reacted to the motion on October 11, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 50. Petitioner did not file a reply.

On November 16, 2022, a scheduling order was filed requesting that Petitioner file receipts or other supporting information in his request for attorney costs. ECF No. 51. On December 7, 2022, Petitioner notified the Court that he was unable to locate all the requested documentation, and had accordingly reduced his costs request to the amount of $896.48. ECF No. 52.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Christopher M, Ramsey at the rate of $300 per hour for all time billed between 2019-22. ECF No. 49-1 at 1-3. Mr. Ramsey has been a licensed attorney since 2006, placing him in the range of attorneys with 11-19 years' experience for his time billed in this matter.[3] I find the requested rate to be reasonable and shall award it herein, as well as all time billed to the matter.

## ATTORNEY COSTS

Petitioner requests $896.48 in costs. ECF No. 52. This amount is comprised of the cost for bar admission to the Court of Federal Claims, the Court's filing fee, and medical records. All are reasonable - with the exception of the $281.00 charge associated with Mr. Ramsey's admission to the Court's bar. (ECF No. 51-2 at 1). The cost for admission to the Court's bar is not a reimbursable sum in the Vaccine Program. The costs to be awarded are thus reduced by **$281.00**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$12,315.48** (representing $11,700.00 in fees and $615.48 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

---

[3] This information was obtained independently by the Court at https://www.bosticlaw.com/our-attorneys/christopher-m-ramsey/

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
